10-370-ag
Jalloh v. Holder
BIA
Abrams, IJ
A078 701 610

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:
             RALPH K. WINTER,
             ROBERT A. KATZMANN,
             BARRINGTON D. PARKER,
                   *Circuit Judges.*

_____

MOHAMED JALLOH,
         *Petitioner*,

         v.                                          10-370-ag
                                                     NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent*.

_____

FOR PETITIONER:       Theodore Vialet, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney
                      General; Melissa Neiman-Kelting,
                      Senior Litigation Counsel; Stefanie
                      Notarino Hennes, Trial Attorney,
                      Civil Division, Office of
                      Immigration Litigation, U.S.
                      Department of Justice, Washington
                      D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Mohamed Jalloh, a native and citizen of Sierra Leone, seeks review of a January 11, 2010, decision of the BIA affirming the March 24, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Jalloh*, No. A078 701 610 (B.I.A. Jan. 11, 2010), *aff'g* No. A078 701 610 (Immig. Ct. N.Y. City March 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the BIA's and IJ's opinions, including portions of the IJ's opinion not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on several inconsistencies in the record that went to the heart of Jalloh's claim. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). With respect to the manner in which he was attacked, Jalloh provided testimony that differed from his statements to a medical doctor and a psychologist. *See id.* Further, Jalloh was unable to consistently and convincingly testify as to how he obtained a letter intended to corroborate his claim that he had been involved in a local militia, that he had been attacked, and that his father had been killed. *See id.*

In addition, the agency reasonably relied on Jalloh's submission of a birth certificate, found to be counterfeit, and a passport, obtained through reliance on that birth certificate and found to come from unofficial sources, to support its adverse credibility determination. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006); *Zaman v. Mukasey*, 514 F.3d 233, 239 (2d Cir. 2008) (quoting *Matter of O-D-*, 21 I. & N. Dec. 1079 (BIA 1998) (drawing "adverse inferences" from an applicant's attempt to establish nationality and identity by documents that a forensics

3

report found to be false, and from his failure to refute or explain the forensics report's conclusions)).

Because the agency's adverse credibility determination was supported by substantial evidence, it did not err in relying on that determination to deny Jalloh's applications for asylum, withholding of removal, and CAT relief because those claims all were based on the same factual predicates. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Given that the adverse credibility determination is dispositive of Jalloh's application, we do not reach the agency's alternative holding that the government had rebutted any fear of future persecution with evidence of a fundamental change of circumstances in Sierra Leone.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk